IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JASON ALLEN SHEPPARD,**

    Petitioner,

v.                                                                           Civil Action No. **3:12CV353**

**HAROLD W. CLARKE,**[1]

    Respondent.

**<u>MEMORANDUM OPINION</u>**

Jason Allen Sheppard, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254[2] ("§ 2254 Petition") challenging his conviction in the Circuit Court of the City of Richmond, Virginia ("Circuit Court") for two counts of malicious wounding. In his § 2254 Petition, Sheppard argues entitlement to relief based upon the following grounds:

Claim One:   Trial counsel rendered ineffective assistance by failing to call two defense witnesses. (§ 2254 Pet. 9.)

Claim Two:   Trial counsel rendered ineffective assistance by failing to subpoena the toxicology report of the Commonwealth's main witness because the report demonstrated the witness's intoxication. (*Id.* at 12.)

---

[1] Sheppard incorrectly spells Clarke's last name as Clark. The Court employs the spelling used by Respondent in his submissions and directs the Clerk to correct the spelling on the docket sheet to accurately reflect his name.

[2] 28 U.S.C. § 2254(a) states:

    The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Claim Three: The Circuit Court abused its discretion in violation of due process[3] when it denied Sheppard's motion for a continuance. (*Id.* at 14.)

Claim Four: The Circuit Court abused its discretion in violation of due process when it denied Sheppard's motion for a new trial due to the Commonwealth's failure to disclose exculpatory evidence. (*Id.* at 15.)

Claim Five: Appellate counsel rendered ineffective assistance by failing to argue on direct appeal that trial counsel deficiently failed to subpoena the toxicology report of the Commonwealth's main witness. (*Id.* at 17.)

Respondent filed a Motion to Dismiss (ECF No. 4) with appropriate *Roseboro*[4] notice (ECF No. 7), and Sheppard filed a response in opposition. (ECF No. 10.) Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254.[5] The matter is ripe for disposition. Respondent argues that Claims One, Two, Four, and Five lack merit and that Claim Three raises only a claim of state law not reviewable on federal habeas.[6] The Court finds Sheppard's claims lack merit. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss.

---

[3] Although Evans alleges both Fifth and Fourteenth Amendment violations of due process, as a state prisoner, the Fourteenth Amendment applies to his claim. *See Francis v. Woody*, No. 3:09cv235, 2011 WL 2693206, *12 n.19 (E.D. Va. July 11, 2011) (citing *Chavez v. Martin*, 538 U.S. 760, 788 (2003). The Fourteenth Amendment provides in relevant part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[4] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[5] Respondent and Sheppard consented to the magistrate judge's jurisdiction on July 13, 2002 (ECF No. 8) and July 23, 2002 (ECF No. 9), respectively.

[6] Respondent argues Claim Three alleges only a state law claim of Circuit Court error in denying the motion to continue. However, Sheppard raises a due process claim in his § 2254 Petition. While Sheppard raised no due process challenge in his Petition for Appeal before the Court of Appeals of Virginia, Petition for Appeal at 2, *Sheppard v. Commonwealth*, No. 1632-09-2 (Va. Ct. App. filed Sept. 16, 2009), he clearly raised due process violations in his state habeas petition. Petition for Writ of Habeas Corpus at 3, *Sheppard v. Dir., Dep't of Corr.*, No. 111651 (Va. filed Sept. 12, 2011). Despite Respondent's failure to address the due process aspect of Claim Two, the Court will dismiss this claim for lack of merit. *See infra* Part IV.A; *Grandall v. Commonwealth*, 3:11CV486-HEH, 2012 WL 1999857, at *3 (E.D. Va. June 4, 2012) (explaining that even if Respondent fails to expressly address a claim, "[w]here the files and records conclusively show that the prisoner is entitled to no relief, summary dismissal is

## I. Procedural History

Following a bench trial, the Circuit Court convicted Sheppard of two counts of malicious wounding, and sentenced him to twenty years in prison, with ten years suspended. *Commonwealth v. Sheppard*, CR08-F-3255, CR08-F-3256, at 1-2 (Va. Cir. Ct. May 18, 2009). Sheppard appealed this decision to the Court of Appeals of Virginia, arguing insufficient evidence existed to support the Circuit Court's finding of guilt, and two claims of abuse of discretion by the Circuit Court. Petition for Appeal at 2, *Sheppard v. Commonwealth*, No. 1632-09-2 (Va. Ct. App. filed Sept. 16, 2009). The Court of Appeals of Virginia denied the petition for appeal. *Sheppard v. Commonwealth*, No. 1632-09-2, at 1 (Va. Ct. App. Dec. 16, 2009). The Supreme Court of Virginia likewise refused Sheppard's subsequent petition for appeal. *Sheppard v. Commonwealth*, No. 100657, at 1 (Va. Sept. 13, 2010).

Sheppard filed a petition for a writ of habeas corpus in the Supreme Court of Virginia raising the three claims of ineffective assistance of counsel and the two claims of trial error advanced in his § 2254 Petition. Petition for Writ of Habeas Corpus at 3, *Sheppard v. Dir., Dep't of Corr.*, No. 111651 (Va. filed Sept. 12, 2011). The Supreme Court of Virginia dismissed Sheppard's petition, finding that he failed to demonstrate ineffective assistance of trial and appellate counsel, and finding the claims of trial error barred by the rule of *Henry v. Warden, Riverside Reg'l Jail*, 576 S.E.2d 495 (Va. 2003)[7] because Sheppard previously raised the issues in the Circuit Court or on direct appeal. *Sheppard v. Dir., Dep't of Corr.*, No. 111651, at 1-4 (Va. Mar. 26, 2012).

---

appropriate" (alteration in original) (quoting *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970))).

[7] "[A] non-jurisdictional issue raised and decided either in the trial *or* on direct appeal from the criminal conviction will not be considered in a habeas corpus proceeding." *Henry*, 576 S.E. 2d at 496.

3

## II. The Applicable Constraints Upon Habeas Review

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## III. Ineffective Assistance

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting

4

*Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Purported Ineffective Assistance of Trial Counsel

#### 1. Failure to Call Witnesses

In Claim One, Sheppard alleges that trial counsel failed to call two potential defense witnesses, Ja'Carla Hines and Jonathan Horne, who would have testified that a crowd of people surrounded the BMW yelling and cursing and that Sheppard was the "man on the ground being attacked." (§ 2254 Pet. 10.) Sheppard argues that the witnesses would have corroborated his defense of self-defense—that he "was indeed attacked and was forced to take desperate action to save his life." (*Id.*) In order to evaluate the impact of this proffered testimony, the Court must first examine the evidence presented at trial in more detail. As explained below, Sheppard's new evidence is of little exculpatory value.

The Court of Appeals of Virginia aptly summarized the evidence of Sheppard's guilt with respect to the malicious wounding of Deandre Smith and Marcus Tillery as follows:

> In the early morning hours of March 29, 2008, Deandre Smith was leaving Toad's Place, a Richmond nightclub, with a group of friends. The group was standing on a corner preparing to cross the street. A black BMW turned the corner and narrowly missed striking Marcus Tillery. Smith and his friends began shouting at the BMW to slow down. Appellant and two other men exited the vehicle. They argued with Smith and his group of friends on the street. Eventually, the situation diffused, appellant and the others re-entered the vehicle, and they appeared to be preparing to leave the scene.
> Marquise Hill, who was with Smith's group, began yelling at the occupants of the car again. Appellant and the others exited the vehicle a second time. Appellant was holding a knife in his hand. Appellant grabbed Hill by the

collar and held him in a threatening manner. Appellant then went toward Smith and bumped into his abdomen. Smith felt his stomach "get poked." Smith hit appellant when appellant tried to grab Smith by the shirt. Smith and appellant then exchanged blows.

Tillery tried to pull Smith away from the fight, but appellant continued to come toward Smith. Smith told appellant to put the knife down and "fight like a man" but appellant did not. After Smith and appellant exchanged more blows, appellant struck Smith in the shoulder with the knife. Smith pushed away appellant. Smith then noticed that he had been stabbed in the abdomen. Smith, with Tillery supporting him, and the other members of the group headed toward their vehicle. Tillery felt a sharp pain in his right upper thigh. Tillery turned and saw appellant running away. Tillery then discovered he had been stabbed in the thigh. Both Smith and Tillery were transported to the hospital for treatment of their stab wounds.

Appellant testified that he, Kendel Woodson, and Cantre Ruffin drove to Toad's Place in the BMW to distribute fliers about a party they were promoting. A crowd of pedestrians gathered around the vehicle and would not allow it to move forward. Someone kicked the BMW, and angry words were exchanged. When appellant, Woodson, and Ruffin got out of the vehicle, they were confronted by the group. Because the crowd was closing in around him, appellant got scared and pulled out a knife he carried for use at his job. Smith came at appellant, and the two began fighting on the ground. Simultaneously, another person was fighting appellant. Appellant said he started swinging the knife because he wanted to get the men away from him. Eventually, appellant broke free from the fight, and the police arrived. Appellant denied running at Tillery and stabbing him in the leg. Appellant admitted having two prior felony convictions.

*Sheppard v. Commonwealth*, No. 1632-09-2, at 1-2 (Va. Ct. App. Dec. 16, 2009). Further details regarding the chronology of the altercation assist in understanding Sheppard's claim.

### a. Commonwealth's Evidence

After Sheppard exited the car a second time, the altercation had three somewhat distinct episodes: (1) Sheppard stabbed Smith while standing; (2) Smith and Sheppard fight on the ground;[8] and, (3) Sheppard pursued and stabbed Smith and Tillery.

### i. First Stabbing of Smith

Deandre Smith, Marcus Tillery, Marquise Hill, Omar Balmer, and Derrick Jones testified that when Sheppard initially approached Smith and Hill, Sheppard carried a knife in his

---

[8] Sheppard's new evidence concerns the fight on the ground.

6

hand. (Trial Tr. 29:3-30:6, 110:4-12, 127:9-130:19, 151:20-152:25, 174:2-12, Mar. 17, 2009.) Smith and Balmer testified that Sheppard and Smith began bumping into one another. (Trial Tr. 31:8-18, 76:17-77:12, 162:7-163:12.) At this point, Smith felt poking sensations in his abdomen (Trial Tr. 32:5-33:5, 76:21-78:23, 86:13-19), and Derrick Jones observed Sheppard stab Smith in the abdomen. (Trial Tr. 174:14-175:4.) Thus, by this juncture, Sheppard already had committed the crime of malicious wounding with respect to Smith.

### ii. "Tussle" on the Ground

The Commonwealth's witnesses and Sheppard testified that at this point, the men began to "tussle," with punches thrown.[9] (Trial Tr. 32:15-23, 34:1, 79:3-9, 80:1-5, 111:11-14, 114:15-115:3, 163:4-12, 175:14-22, 246:8-21.) At least two of the Commonwealth's witnesses, Smith and Tillery, testified that Sheppard was on the ground during this portion of the fight. (Trial Tr. 77:17-21, 113:19-114:10.) None of the Commonwealth's witnesses testified that they observed Sheppard stab Smith for the first time while on the ground.[10] Tillery testified that he "hop[ped] on the pile" and joined Smith in the fight with Sheppard. (Trial Tr. 114:11-115:2.)

### iii. Sheppard's Pursuit and Stabbing of Smith and Tillery

Smith, Tillery, and Hill testified that the fight then temporarily broke-up when Tillery pulled Smith from the fight. (Trial Tr. 34:1-8, 80:19-81:1, 115:14-18, 153:5-154:14.) Sheppard pursued Smith as Smith moved away. (Trial Tr. 34:6-8, 81:9-16, 115:19-20, 120:11-25, 154:7-14, 176:6-11.) Sheppard and Smith began to swing at one another, and during this exchange of blows, Sheppard stabbed Smith in the shoulder. (Trial Tr. 34:10-19, 83:2-11, 84:10-17, 97:9-

---

[9] Tillery testified that Sheppard swung the knife at Smith and the two men started to fight. (Trial Tr. 113:3-18.)

[10] Tillery guessed that the stabbing "must have happened on the ground," because when he extracted Smith from the fight, Smith was bleeding from the abdomen. (Trial Tr. 114:6-115:9.)

12, 115:19-23.) After the altercation ended, and as Smith and Tillery began to walk to their car, Sheppard stabbed Tillery in the thigh. (Trial Tr. 97:17-99:1, 116:11-118:19.)

### b. Sheppard's Testimony

Sheppard's self-defense theory founders because he offers unclear testimony regarding the timing of his stabbing of Smith. Sheppard testified that after a man pushed him, he pulled out his knife, and told the men to back up. (Trial Tr. 244:3-19, 249:12-15.) Sheppard testified that the knife "had no effect" on the men. (Trial Tr. 245:5-17.) Sheppard stated he placed the knife back in his pocket. (Trial Tr. 245:17-18, 249:16-18.) Sheppard stated that "the dude who had the stomach wound . . . [took] a swing at me" and the two began to fight "on the floor." (Trial Tr. 246:9-13.) Sheppard testified he was "hit from the side" and "crouch[ed] down in a defensive position." (Trial Tr. 246:18-20.) Sheppard stated he pulled the knife out of his pocket again because of the "two people on top of [him,]" punching him. (Trial Tr. 246:20-247:15.) Sheppard stated he began "swinging the knife to get them off of me." (Trial Tr. 247:18-24.) Sheppard testified he never wielded the knife after he got off the ground and never chased after anyone. (Trial Tr. 249:22-250:1.) Sheppard admitted later that he "stab[bed] some people with a knife." (Trial Tr. 250:5-7.)

Sheppard's attempts to exculpate himself suffer from both a failure to provide a plausible theory of self-defense[11] and his own lack of credibility. At trial, Sheppard failed to provide clear and coherent testimony rebutting the Commonwealth's evidence that he was the aggressor. Sheppard argues that he stabbed someone in self-defense because he was on the ground being attacked. No one testified that they observed Sheppard stab Smith for the first time while on the ground. Sheppard himself provided no testimony as to the exact timing of the stabbing, much less that he stabbed someone only after being attacked.[12]

---

[11] Virginia law recognizes two theories of self-defense:

> Justifiable self-defense arises when the defendant is completely without fault. In such a case, the defendant need not retreat, but is permitted to stand his ground and repel the attack by force, including deadly force, if it is necessary. Excusable self-defense arises when the defendant, who was at some fault in precipitating the difficulty, abandons the fight and retreats as far as he safely can before he attempts to repel the attack.

*Miles v. Johnson*, No. 3:10cv254, 2012 WL 1081462, at *8 (E.D. Va. Mar. 30, 2012) (quoting *Foote v. Commonwealth*, 396 S.E.2d 851, 855 (Va. Ct. App. 1990)). The right to self-defend "'begins where the necessity begins and ends where it ends.'" *Id.* (quoting *Caison v. Commonwealth*, 663 S.E.2d 553, 561 (Va. Ct. App. 2008)) (additional internal quotation marks omitted).
Sheppard demonstrates no entitlement to either theory of self-defense. The evidence fails to demonstrate that Sheppard "'[was] completely without fault,'" precluding the availability of justifiable self-defense. *Id.* at *8 (quoting *Foote*, 396 S.E.2d at 855). Sheppard also failed to abandon the fight and retreat as far as possible before attempting to repel the attack, as required to demonstrate excusable self-defense. *See id.*

[12] Sheppard's testimony, describing Smith as "the dude who had the stomach wound" immediately prior to his testimony about the fight on the ground and while Sheppard claimed his knife was in his pocket (Trial Tr. 246:8-21), exemplifies Sheppard's lack of clear and exculpatory testimony. Sheppard testified:

> I extend my elbow again, and the dude who had the stomach wound, he pushes my arm down and like, you know, takes a swing at me. You know, he like throws my arm down and takes a swing at me, so me and him start tussling. Me and him start tussling on the floor.

(Trial Tr. 246:8-13.) The foregoing testimony by Sheppard suggests Sheppard stabbed Smith prior to any "tussling on the floor." (Trial Tr. 246:12-13.)

Sheppard's inconsistent statements about the knife, his injuries, and his alcohol consumption also detract from his credibility. Sheppard failed to initially present his self-defense theory to the police. (Trial Tr. 259:11-19.) Rather, Sheppard first informed the investigating officer, Detective Shirley Rinaldi, that he had no knife. (Trial Tr. 259:20-260:18, 263:18-23.) Sheppard later told her "someone put the knife in his pocket." (Trial Tr. 263:24-264:2.)

Sheppard testified that he suffered from a "swollen eye" after the fight. (Trial Tr. 257:20-22.) The investigating officers, however, testified that they saw no visible wounds on Sheppard after the fight. (Trial Tr. 264:3-7, 266:22-24.) Sheppard also testified that he "had one round" of alcohol, but later admitted that he told Detective Rinaldi that he had consumed several alcoholic beverages during the evening. (Trial Tr. 252:16-253:1.) Sheppard also admitted, after questioning, that he was significantly larger in height and build than the Commonwealth's witnesses involved in the altercation.[13] (Trial Tr. 250:21-252:15.)

The Circuit Court found the Commonwealth's witnesses' testimony consistent and credible, and based upon Sheppard's numerous inconsistencies, implicitly found his testimony less than credible. (Trial Tr. 309:8-19.)

### c. Proffered Testimony

When a petitioner faults counsel for not calling a witness, the petitioner should provide "concrete evidence of what [the witness] would have testified to in exculpation." *United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004); *see Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990) (dismissing claims where petitioner failed to make a specific proffer of the testimony of the omitted witness). In support of his claim, Sheppard attaches four notarized

---

[13] Sheppard weighed between 196 and 215 pounds at the time of the fight and stood approximately six feet two or three inches tall. (Trial Tr. 250:21-252:15.)

10

statements to his § 2254 Petition.[14] (§ 2254 Pet. Ex. 3-6.) Sheppard submitted the two notarized statements dated July 21, 2011 to the Supreme Court of Virginia with his habeas petition. Sheppard failed to submit the notarized statements dated January 11, 2012 to the Supreme Court of Virginia. This new evidence fails to provide a basis for federal habeas relief. *See Jackson v. Kelly*, 650 F.3d 477, 492 (4th Cir. 2011) ("[W]hen a habeas petitioner's claim has been adjudicated on the merits in state court, a federal court is precluded from supplementing the record with facts adduced for the first time at a federal evidentiary hearing." (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011))).

In his July 21, 2011 notarized statement, witness Jonathan Horne explained that men surrounded a car yelling offensive language. (§ 2254 Pet. Ex. 3, at 1.) "A scuffle then broke out" and "[w]ithin moments," he "noticed [Sheppard] on the ground being attacked by two or more men." (*Id.*) Horne explained that due to safety concerns, he and his female companion continued to Horne's vehicle. (*Id.*)[15] Ja'Carla Hines's notarized statement similarly states that she "noticed a man on the ground being attacked by several other men." (§ 2254 Pet. Ex. 4, at 1.) Hines stated she felt unsafe and quickly headed to her vehicle. (*Id.*)[16]

Sheppard fails to demonstrate prejudice from counsel's failure to call Horne and Hines as defense witnesses. The proffered testimony adds no new or different evidence than that put forth at trial, and thus fails to sufficiently exculpate Sheppard. The proffered testimony of Horne and

---

[14] Ja'Carla Hines and Jonathan Horne each submitted a statement dated July 21, 2011 and January 11, 2012. (§2254 Pet. 3-6.)

[15] In the January 11, 2012 statement, Horne adds that the men outside of the car "began attacking" the people exiting the car. (§ 2254 Pet. Ex. 5, at 1.)

[16] Hines's new statement from January 11, 2012 clarified her previous statement and provided: "I observed that the man on the ground that was being attacked was clearly Jason A. Sheppard." (§ 2254 Pet. Ex. 6, at 1.) Even if the Court were to consider Horne's and Hines's January 11, 2012 statements attached to Sheppard's § 2254 petition, the Court would still conclude that Sheppard fails to demonstrate prejudice for the reasons below.

Hines provides no information as to when Sheppard fell to the ground or stabbed Smith. The proffered testimony fails to bolster Sheppard's suggestion that he only stabbed Smith in self-defense after Sheppard fell to the ground. Moreover, Horne's and Hines's proffered statements provide no information to counter the Commonwealth's evidence that Sheppard continued to pursue and attack Smith and Tillery after they withdrew. Sheppard fails to demonstrate how the proffered testimony of Hines and Horne would sufficiently exculpate him.

The Commonwealth's witnesses' consistently testified about Sheppard's overt aggression and how the fight progressed. In contrast, Sheppard's testimony lacks a cohesive theory of self-defense and his testimony fails to rebut the Commonwealth's compelling evidence of his guilt. The proffered testimony of Horne and Hines fails to offer confirming facts that would correct the shortcomings of Sheppard's inchoate theory of self-defense. Sheppard fails to demonstrate that, but for any deficiency of counsel in failing to call witnesses Horne or Hines, a reasonable probability existed of a different result at trial. Given that finding and the ample evidence of Sheppard's guilt, the Virginia courts acted reasonably in rejecting Claim One. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, Claim One will be DISMISSED.

### 2. Toxicology Report

In Claim Two, Sheppard alleges that trial counsel rendered ineffective assistance when he failed to subpoena the toxicology report of Deandre Smith to prove Smith's intoxication at the time of the altercation. (§ 2254 Pet. 12.) Sheppard contends that the report would prove that "Smith's judgment was impaired as a result of his alcohol consumption . . . and that it was instrumental in contributing to the misconduct that caused the fight." (*Id.* at 13.) Sheppard argues that Smith falsely testified at trial that he had nothing to drink the night of the incident. (*Id.* at 12.) Trial counsel attempted to introduce the toxicology report at trial to impeach Smith (Trial Tr. at 43:10-45:18), however, the Circuit Court refused to admit the report into evidence

because counsel failed to subpoena the record-keeper (Trial Tr. 44:18-45:18). Counsel explained to the Circuit Court that he believed the Commonwealth would not object to the report. (Trial Tr. 44:20-46:2.) Counsel moved for a continuance and the Circuit Court denied the motion. (Trial Tr. 44:20-46:20.)

In ruling on this claim as presented in his state habeas petition, the Supreme Court of Virginia found that Sheppard failed to satisfy the "prejudice" prong of the *Strickland* test:

> [Sheppard] has failed to articulate how evidence of Smith's intoxication was relevant or would have altered the outcome of the proceedings. The record, including the trial transcript, demonstrates that after the first altercation which ended when [Sheppard] and his passengers returned to the BMW, [Sheppard] exited the BMW armed with a knife and [Sheppard] charged one man before turning his attention to Smith, who he then stabbed twice. [Sheppard] then stabbed another victim in the back of the thigh, while that victim was trying to get Smith away from the fight. Thus, [Sheppard] has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Sheppard v. Commonwealth*, No. 111651, at 3 (Va. Mar. 26, 2012).

The Court discerns no unreasonable application of the law or an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). While Sheppard contends that Smith's impaired judgment contributed to the start of the initial altercation, Sheppard fails to demonstrate that proving Smith's intoxication would alter the outcome of trial. The record demonstrates that after the first altercation ended, Sheppard again exited the BMW and attacked and stabbed Smith. *Sheppard v. Commonwealth*, No. 1632-09-2, at 2-3 (Va. Ct. App. Dec. 16, 2009). Sheppard fails to demonstrate how Smith's intoxication caused the second altercation or diminishes the ample evidence reflecting Sheppard's guilt in wounding Smith and Tillery. Thus, Sheppard fails to show, but for any deficiency of counsel, a reasonable probability of a different result at trial. Accordingly, Claim Two will be DISMISSED.

## B.     Purported Ineffective Assistance of Appellate Counsel

In Claim Five, Sheppard contends that appellate counsel rendered ineffective assistance when she failed to raise a claim on direct appeal that trial counsel deficiently failed to subpoena the toxicology report of the Commonwealth's main witness, Deandre Smith.

In ruling on this claim as presented in his state habeas petition, the Supreme Court of Virginia found that Sheppard failed to satisfy either prong of *Strickland*:

> The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983). Furthermore, claims of ineffective assistance of counsel are not reviewable on appeal. *See Walker v. Mitchell*, 224 Va. 568, 571, 299 S.E.2d 698, 699-700 (1983). Thus, [Sheppard] has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Sheppard v. Commonwealth*, No. 111651, at 4 (Va. Mar. 26, 2012).

The Supreme Court of Virginia's decision involved no unreasonable application of the law or unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Indeed, the record demonstrates that appellate counsel challenged the Circuit Court's denial of Sheppard's motion to continue based upon the refusal to admit the toxicology report into evidence instead of raising an ineffective assistance claim not cognizable on direct appeal. *See Sheppard v. Commonwealth*, No. 1632-09-2, at 4 (Va. Ct. App. Dec. 16, 2009). Appellate counsel's decision to raise the stronger, non-frivolous claim cannot constitute deficient performance. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) ("[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)) (internal quotation marks omitted)).

Moreover, Sheppard fails to demonstrate prejudice resulting from appellate counsel's decision, as both the Supreme Court of Virginia and this Court considered and rejected the merits

of the claim Sheppard alleges counsel should have raised on direct appeal. *See Sheppard v. Dir., Dep't of Corr.*, No. 111651, at 2-3 (Va. Mar. 26, 2012); *Turner v. Watson*, No. 3:11cv757, 2012 WL 3985627, at *10 (E.D. Va. Sept. 11, 2012). Accordingly, Claim Five will be DISMISSED.

## IV. Purported Circuit Court Errors

### A. Denial of Continuance

In Claim Three, Sheppard asserts a denial of his right to due process when the Circuit Court denied his motion for a continuance based upon the Circuit Court's refusal to admit the toxicology report of witness Deandre Smith. The Virginia courts addressed this claim as a matter of state law and not as a due process violation. *See Sheppard v. Commonwealth*, No. 1632-09-2, at 4 (Va. Ct. App. Dec. 16, 2009). Thus, 28 U.S.C. § 2254(d) has no applicability to the due process challenge. Nonetheless, the Virginia courts' "factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)).

The Virginia Court of Appeals made the following pertinent findings with respect to the state law portion of this claim:

> Smith testified at trial that he had consumed no alcoholic beverages on the night of the incident. On cross-examination, appellant attempted to refresh Smith's recollection on that matter with a medical report relating to the treatment of his wounds. The trial court sustained the Commonwealth's objection that the report was hearsay and had not been properly authenticated. Appellant then moved for a continuance to permit him to subpoena the person responsible for maintaining the records. Appellant argued that he had not anticipated an objection to the introduction of the medical report. The trial court denied appellant's motion, and appellant challenges this ruling on appeal.
> . . . .
> The record demonstrates a lack of diligence on the part of appellant's counsel to secure the presence of the witness at trial. The trial date was set with appellant's agreement. Appellant did nothing to ensure the presence at trial of the custodian of Smith's medical record. Therefore, the trial court did not abuse its discretion in refusing to grant appellant a continuance in the midst of trial.[17]

---

[17] Appellant argues that, based on previous discussions with the Commonwealth's attorney, he did not believe the Commonwealth would object to the medical records. However,

15

*Sheppard v. Commonwealth*, No. 1632-09-2, at 4 (Va. Ct. App. Dec. 16, 2009) (footnote number altered from original).

Trial courts enjoy wide discretion in determining whether or not to grant continuances. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964) (citation omitted). The denial of a defendant's motion for a continuance "exceeds the discretion of the trial court only where it is based upon an 'unreasoning and arbitrary insistence on expeditiousness in the face of a justifiable request for delay.'" *Faison v. Hinkle*, No. 2:10cv557, 2011 WL 3321347, at *10 (E.D. Va. June 8, 2011) (quoting *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)); *see Franklin v. Bradshaw*, 695 F.3d 439, 452 (6th Cir. 2012). In determining whether a trial court's denial "'is so arbitrary as to violate due process,'" reviewing courts must look to the circumstances and facts of each case, particularly the reasons presented to the trial court at the time the request is denied. *Franklin*, 695 F.3d at 452-53 (quoting *Ungar*, 376 U.S. at 589). To prevail on this claim, Sheppard must demonstrate first, that the Circuit Court abused its discretion in denying the continuance, and next, that the denial prejudiced his case. *See id.* at 453 (citing *United States v. King*, 127 F.3d 483, 487 (6th Cir. 1987)); *Faison*, 2011 WL 3321347, at *10.

Sheppard makes no persuasive argument that the Circuit Court acted in a constitutionally inappropriate manner in denying his motion to continue. Trial counsel moved to continue in the middle of trial because the Circuit Court refused to admit Smith's unauthenticated toxicology report. Trial counsel could have subpoenaed the appropriate record-keeper of the toxicology report, but failed to do so. When asked why he failed to subpoena the witness, trial counsel merely stated that he believed the Commonwealth would raise no objection to the introduction of

---

the record contains no representation, explicit or implicit, that the Commonwealth agreed to the introduction of the medical records.

the report. (Trial Tr. 44:20-46:2.) In light of the foregoing, the Circuit Court's denial of the continuance does not constitute an abuse of discretion.

Moreover, Sheppard fails to demonstrate any prejudice from the absence of the toxicology report. *See supra* Part III.A.2. Even if the Circuit Court admitted the report demonstrating Smith's intoxication, the evidence established that Sheppard was the aggressor in the second altercation and that Sheppard stabbed Smith and Tillery.

### B.   Denial of Motion for New Trial

In Claim Four, Sheppard argues that the Circuit Court abused its discretion and violated his right to due process when it denied his motion for a new trial based on the Commonwealth's failure to disclose exculpatory evidence. Specifically, Sheppard argues that witnesses Marcus Tillery and Omar Balmer testified during trial that Sheppard "stabbed Mr. Smith only after Mr. Smith and Mr. Tillery were on top of him punching him whilst he was on the ground." (§ 2254 Pet. 15.) Sheppard claims the evidence from these statements amounts to exculpatory evidence that would have aided in a self-defense argument. (*Id.* at 16.)

The Virginia Court of Appeals made the following findings with respect to this claim:

> Appellant contends the trial court erred in denying his motion for a new trial based upon the Commonwealth's failure to reveal exculpatory evidence, as required by *Brady v. Maryland*, 373 U.S. 83, 87 (1963). At trial, Tillery testified that after appellant swung the knife toward Smith's face, Smith tried to punch appellant. The two men went to the ground fighting, with Smith on top. Omar Balmer, one of the men with Smith, testified he saw appellant and Smith facing each other, arguing and "chest bumping." Balmer was fighting another member of the group with appellant. Balmer saw appellant and Smith on the ground fighting, but he did not see when Smith got stabbed. In his motion for a new trial, appellant contended the Commonwealth was obligated to disclose during discovery any pre-trial statements of Tillery and Balmer regarding his claim of self-defense. The prosecutor stated he did not recall Tillery or Balmer saying before trial that Smith was on top of appellant when the stabbing occurred.
> "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. "There are three components of a true *Brady* violation:

17

> The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the [Commonwealth], either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).
>> Stated differently, "[t]he question is not whether the defendant would have more likely than not received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 . . . (1995). "[A] constitutional error occurs, and the conviction must be reversed, only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial." *United States v. Bagley*, 473 U.S. 667, 678 . . . (1985).
>
> *Workman v. Commonwealth*, 272 Va. 633, 645, 636 S.E.2d 368, 374-75 (2006).
>
> At trial, appellant did not claim surprise or move for a continuance based upon Tillery's or Balmer's testimony. In fact, appellant effectively cross-examined both witnesses regarding whether appellant was the aggressor in his fight with Smith. Appellant argued in closing that even the Commonwealth's evidence tended to prove he had acted in self-defense. Although the fact finder ultimately rejected the claim of self-defense, appellant failed to demonstrate prejudice resulting from nondisclosure of any pre-trial statement made by Tillery or Balmer. Accordingly, the trial court did not err in denying appellant's motion for a new trial.

*Sheppard v. Commonwealth*, No. 1632-09-2, at 4-6 (alterations and omissions in original).

The Court of Appeals of Virginia's decision involved no unreasonable application of the law or unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Despite Sheppard's characterization of the evidence to the contrary, neither Balmer nor Tillery testified that they observed Sheppard stab Smith on the ground.[18] Thus, Sheppard fails to show any prejudice from the Commonwealth's purported failure to disclose this information or that the failure to disclose this information undermines the confidence in the outcome of his trial. Sheppard maintained throughout trial that he acted in self-defense. The Circuit Court simply rejected this argument, finding the evidence sufficient to find Sheppard guilty of malicious wounding. Sheppard makes

---

[18] Balmer provides no testimony about when Sheppard stabbed Smith. Tillery's testimony provides a mere guess that the stabbing occurred on the ground. *See supra* Part III.A.1 n.9.

18

no persuasive argument here that the Circuit Court acted in a constitutionally inappropriate manner in denying his motion for a new trial. Accordingly, Claim Four will be DISMISSED.

### V.     Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (Docket No. 4) will be GRANTED. Sheppard's claims will be DISMISSED and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[19]

An appropriate Order shall issue.

Date: 3-25-13
Richmond, Virginia

/s/
M. Hannah Lauck
United States Magistrate Judge

---

[19] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Sheppard fails to meet this standard.